**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| TERRINGUS WALKER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-002130-GLS |
| CARDINAL LOGISTICS MANAGEMENT CORPORATION, | * | |
| | * | |
| Defendant. | | |

\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

On March 4, 2020, Defendant filed correspondence seeking to file a motion for leave to file a second Amended Answer to the Complaint. (ECF No. 22). In light of Standing Order 2020-07, and the stay-at-home orders issued by the Governor of Maryland, this Court will not be able to conduct a Case Management Conference in this case in the near future to address ECF No. 22. In the interest of expediency, this Court will construe ECF No. 22 as a "Motion for Leave to File Second Amended Answer to the Complaint." ("Motion for Leave"). Plaintiff's letter response to the Motion for Leave will be construed as an opposition thereto. (*See* ECF No. 24)("Opposition").

This Court has reviewed and considered both filings, the procedural posture of this case, and the relevant case law. No hearing is necessary. *See* Local Rule 105.6. For the reasons set forth herein, the Court will **GRANT IN PART AND DENY IN PART** the Motion for Leave.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 6, 2019, Plaintiff filed his Complaint alleging that the Defendant interfered with his rights under the Family and Medical Leave Act ("FMLA") and unlawfully terminated him for

1

exercising these rights, in violation of 29 U.S.C. § 2601 *et seq*. (ECF No. 3). On July 19, 2019, Defendant filed its Answer and a notice of removal from Prince George's County Circuit Court to this court. (ECF Nos. 1-2). Defendant's Answer raised four defenses: "(1) the Complaint fails to state a cause of action upon which relied may be granted; (2) there is no basis for awarding damages against the Defendant under the facts and circumstances as set out in the Complaint; (3) Defendant specifically denies that it violated, interfered with, restrained or denied the existence of or the attempt to exercise, any right of Plaintiff provided under the FMLA; and (4) Defendant specifically denies any malice." (ECF No. 2).

On October 4, 2019, this case was referred to the undersigned for all further proceedings. (ECF No. 9). On October 18, 2019, the Court issued a Scheduling Order, which set the deadline of December 2, 2019 for filing amended pleadings. (ECF No. 10). On October 31, 2019, the parties filed an "Initial Joint Status Report," in which they requested a modification of the Scheduling Order. (ECF No. 15). On November 1, 2019, this Court granted the parties' modification request and adopted the parties' proposed Modified Scheduling Order, extending deadlines by sixty days, starting with the expert disclosures. That request did not seek an extension of time by which to file an Answer. (ECF No. 17). On November 27, 2019, Defendant timely filed an "Amended Answer." (ECF No. 20). Defendant's Amended Answer raised the same four defenses as found in the Answer, along with the following eight additional affirmative defenses:

(5) Defendant has complied with all of its obligations under FMLA and the applicable regulations;

(6) Plaintiff did not have a "serious health condition" within the meaning of the FMLA while Plaintiff was employed by Defendant;

(7) Defendant has complied with the notice requirements under the FMLA;

(8) All of Defendant's employee-related decisions with respect to Plaintiff, or

2

which affected Plaintiff, were made in good faith, for legitimate, non-retaliatory reasons, and were based upon reasonable factors other than Plaintiff's alleged medical condition and/or Plaintiff's alleged need for FMLA leave;

(9) Any conduct by Defendant toward Plaintiff has been based on legitimate nondiscriminatory reasons;

(10) Defendant acted in good faith with respect to Plaintiff's rights under the FMLA and had reasonable grounds for believing that its acts and/or omissions with respect to Plaintiff were not in violation of the FMLA and therefore Plaintiff is not entitled to liquidated damages or other relief;

(11) Any recovery against Defendant must be reduced to the extent Plaintiff has failed to mitigate, minimize or avoid damages alleged by Plaintiff; and

(12) Defendant reserves the right to raise any additional affirmative or negative defenses. Defendant reserves the right to amend and supplement this Answer and its affirmative defenses, and/or assert additional defenses as discovery and investigation are ongoing.

(ECF No. 20). Thereafter, the Motion for Leave and Opposition were filed.

## II.   DISCUSSION

### a.   Legal Standard

A motion for leave to amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 15 (a)(1), a party may amend its pleading once as a matter of course so long as it is done within 21 days after serving the pleading or 21 days after service of a responsive pleading. According to Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

However, when a party seeks to amend a pleading "after the expiration of a deadline set forth in a scheduling order, Rule 16(b)(4) is implicated." *Hunt Valley Baptist Church, Inc. v. Baltimore County, Maryland et al.*, Case No. ELH-17-804, 2019 WL 3238950, at *3 (D. Md.

2019). Under Fed. R. Civ. P. 16(b)(4), "a schedule may be modified only for good cause and the judge's consent." Therefore, in order to resolve this matter, the Court must engage in a two-part analysis. First, does a moving party demonstrate "good cause" to modify a scheduling order under Rule 16(b)(4). *Elat v. Ngoubene*, 993 F.Supp.2d 497, 519-20 (D. Md. 2014)("party must meet the mandates of Rule16(b)(4)"). Second, if the movant establishes good cause, then the "inquiry shifts to Rule 15(a)" which requires either the opposing party's written consent or leave of the court. *Hunt Valley Baptist Church, Inc.*, *supra*, 2019 WL 3238950, at *4.

The moving party bears the burden of demonstrating "good cause." To establish "good cause," a movant must show "'that the deadlines cannot be reasonably be met despite the party's diligence,' and whatever factors are also considered, 'the good cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Hunt Valley Baptist Church, Inc.*, *supra*, 2019 WL 3238950, at *3(quoting *Cook v. Howard*, 484 F. App'x 805, 814-15 (4th Cir. 2012)). In addition, courts may consider "whether the party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party" in order to determine whether the moving party met its burden. *Id*. at *3 (quoting *Elat v. Ngoubene*, at 520)(citation omitted).

Assuming that a movant establishes good cause, then, the court should "freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). A court has broad discretion in granting leave to amend. *Elat v. Ngoubene*, *supra,* at 519. A court may deny a motion to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by [allowing] the amendment, or futility of amendment." *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009)(quotation omitted); *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)(same).

**b. <u>Analysis</u>**

In its Motion for Leave, Defendant advances four arguments. First, Defendant alleged that during Plaintiff's January 2020 deposition he admitted to not seeking medical or psychological treatment during his personal leave of absence. Consequently, Defendant seeks leave to file a second Amended Answer to add the affirmative defenses of fraud and good faith due to Plaintiff's recent admissions. Second, Defendant, relying upon Rule 15(a)(2), argues that the court should grant leave "freely give leave when justice so requires." Third, Defendant argues that amendment will not prejudice Plaintiff because discovery is on-going,[1] and the Plaintiff has yet to depose the Defendant's corporate designee and employees.[2] Finally, Defendant contends that amendment would not be futile because the additional affirmative defenses "see[k] to address the merits of the case." (Motion, at 1-2).

In opposition, Plaintiff advances three arguments. First, Plaintiff argues that Defendant missed the amendment of pleadings deadline; therefore, Defendant must show good cause as required by Rule 16. Second, Plaintiff maintains that Defendant has already filed an Amended Answer and raised "good-faith" of the Defendant as an affirmative defense. Thus, it would be redundant and futile to re-assert it now. Finally, Plaintiff argues that bad faith/fraud ostensibly committed by the Plaintiff are not proper affirmative defenses in a FMLA interference case. (Opposition, at 2).

---

[1] Discovery is presently set to close on May 1, 2020. (ECF No. 17). In light of Standing Order 2020-07, this Court notes that the deadline for discovery is now July 24, 2020.
[2] Defendants stated that Plaintiff's deposition of defendant's corporate designee and employees was scheduled for April 2, 2020. (ECF No.24). However, due to COVID-19 pandemic, the Court is unaware whether virtual depositions occurred on that day or whether the depositions were postponed to another day.

The Scheduling Order in this case (ECF No. 10) set the deadline for amendment of pleadings at December 2, 2019. Because that deadline has passed, Defendant must first show that good cause exists before it can obtain leave to amend its Second Amended Answer. The Court finds that Defendant has met this burden.

*Hunt Valley Baptist Church, Inc.* is instructive. In *Hunt Valley*, the defendants sought leave to file an amended answer more than one year after the deadline for amendment of pleadings established by scheduling order. Defendants claimed that they discovered new facts during discovery. The plaintiff maintained, *inter alia*, that Defendants were aware of these "new facts" or had them in their possession or control prior to the end of discovery. 2019 WL 3238950, at *2, *5.

The *Hunt* court analyzed *Odyssey Travel Center, Inc. v. RO Cruises, Inc.,* 262 F.Supp.2d 618 (D. Md. 2003) and *Humane Soc'y of the United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, DKC-13-1822, 2016 WL 3668028, at *2 (D. Md. 2016) in order to explain the meaning of good cause required by Rule 16(b). *Id*. at 6-7. In both of those cases, the moving parties were aware of the "new facts" prior to the deadline to amend pleadings. These courts held that of particular importance to establishing good cause is that a moving party has to "demonstrate that the reasons for [its] delay justify a departure from the rules set by the court in the scheduling order." *Id*. at 7. (quoting *Humane Soc'y,* 2016 WL 3668028 at *4). In the absence of diligence or any reasonable justification for the delay, good cause will not be established. *Id*. Ultimately, the *Hunt* court held that defendants' request to amend did not satisfy Rule 16(b): there were no "new facts" learned from discovery, instead defendants failed to address facts known to them when they filed their Answer; and the amendments would be unduly prejudicial to plaintiff. *Id*.

The facts in the instant case are distinguishable from *Hunt*. Here, the purported affirmative defense of "fraud" by Plaintiff arises from "new facts" learned during Plaintiff's deposition, which

6

occurred more than one month after the deadline to amend. Next, Defendant has sought to amend its pleading prior to the conclusion of discovery. Finally, Defendant's ostensible amendment for fraud merely adds an additional theory of an affirmative defense that appears to be restricted to recent statements made by Plaintiff, and does not appear to require additional, burdensome discovery. *Compare Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006)(explaining that discovery need not to be duplicated because the amendment merely states an "alternative theory" for recovery). Therefore, this Court finds that good cause exists to modify the Scheduling Order and allow an amendment. Thus, the inquiry must shift to Rule 15(a).

Next, in the context of Rule 15(a)(2), Plaintiff does not raise prejudice or bad faith as counter-arguments. Plaintiff's argument is futility. (Opposition, at 2-3). With respect to Defendant's good faith, the Court agrees with Plaintiff that it would be futile to permit Defendant to again add this affirmative defense. Accordingly, the Court denies the motion to amend as it relates to good faith of the Defendant.

Regarding the so-called "fraud-on-the-part-of-Plaintiff" defense, as a preliminary matter, the Court candidly does not understand what Defendant's specific argument is. The language in the Motion for Leave is unclear. If Plaintiff's interpretation of Defendant's words is accurate, then Plaintiff is likely correct that fraud of the Plaintiff *ultimately* may not be a viable affirmative defense per the statute's plain language (se*e* 29 U.S.C. § 2617(a)(1)(A)(iii)), or unless Defendant cites to caselaw that supports its application to an FMLA interference case. However, at this juncture, the Court need not decide whether the affirmative defense ultimately would be futile- i.e., would not survive a Fed. R. Civ. P. 12(f) motion- because a "proposed amendment is futile [only]when it is clearly insufficient or frivolous on its face." *Taylor v. Baltimore Police Dept.*, SAG-18-3999, 2019 WL 6717615, at *1(D. Md. 2019) (quoting *Johnson v. Oroweat Foods Co.*,

785 F.2d 503, 510 (4th Cir. 1986)). In addition, a review for futility "does not involve an evaluation of the underlying merits of the case." *Taylor*, *supra,* (citing to *Kolb v. ACRA Control, Ltd.*, 21 F.Supp.3d 515, 522 (D.Md.2014)); *see also* Fed.R.Civ.P. 8(b)(1)(A), which contains no requirement that the pleader show that its affirmative defenses have merit.

Reviewing the Defendant's proposed affirmative defense, the Court cannot clearly say that it would be futile, if allowed. Therefore, this Court will allow Defendant to file a Second Amended Complaint as to "Fraud." However, Defendant is on notice that it must clearly state its affirmative defense or run the risk that it be stricken.

### III. CONCLUSION

In sum, for the above-mentioned reasons, it is this 27th day of April 2020, ORDERED that ECF No. 22 is **GRANTED IN PART, DENIED IN PART**, as set forth herein. In light of the COVID-19 pandemic, Defendant shall have until **June 15, 2020,** to file its Second Amended Answer.

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge